JOHN B. HITTELL, Defendant in Error, vs. THE CITY OF CHICAGO, Plaintiff in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 9, 1927.*

OFFICES—*payment to de facto officer is a good defense to suit by de jure officer for back salary—good faith.* Payment of salary to a *de facto* officer of a city is a good defense to a suit against the city by the *de jure* officer for the same salary, and the city need not prove the payment to the *de facto* officer was made in good faith where there has been no judicial determination as to who was the *de jure* officer, as disbursing officers of municipalities are not clothed with judicial power to determine whether or not a person vested with the indicia of an office and performing the duties of the office is, in fact, a *de jure* officer, where there has been no judicial determination of such fact.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and FRANCIS J. VURPILLAT, (ROY S. GASKILL, and W. ARNOLD AMBERG, of counsel,) for plaintiff in error.

PERLMAN, GOODMAN & SCOLNIK, (AVERN B. SCOLNIK, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

Defendant in error (hereinafter called plaintiff) brought suit in assumpsit in the circuit court of Cook county against plaintiff in error (hereinafter called defendant) to recover salary claimed to be due him as chief street engineer for defendant from September 19, 1916, to March 2, 1923, and filed with his declaration an affidavit of claim. Defendant filed a plea of the general issue, supported by an affidavit of merits "that for and during the entire period from Sep-

tember 19, 1916, to March 2, 1923, the duties of the said position of chief street engineer, also known as chief engineer of streets, were performed by an incumbent *de facto* of said position, and that all moneys appropriated or provided by the city council as salary for the position of chief street engineer, or chief engineer of streets, for the period of time in question has been paid by the city in good faith to the incumbent *de facto.*" A general demurrer filed by the plaintiff to the plea of the defendant was overruled. The cause was tried before the court without a jury and judgment rendered for plaintiff in the sum of $25,500, from which judgment an appeal was taken to the Appellate Court for the First District, which court affirmed the judgment, and the record is now before this court on *certiorari.*

There is no controversy as to the evidentiary facts. Plaintiff since 1889 has been a civil service employee of the board of local improvements of the city of Chicago. He held different positions up to 1913, at which time he was promoted by the civil service commission to the position of chief engineer of the board of local improvements. That position he held continuously until January 19, 1916, at which time he was granted leave of absence for one year. On September 19, 1916, he returned from his leave of absence and reported for duty to the board of local improvements, to its president and to the civil service commission, and demanded on each occasion, in writing, that he should be re-instated in his position and assigned to duty. He was not re-instated and assigned to duty. On March 13, 1920, he brought suit in *mandamus,* as set forth in his declaration, and as a result, on March 2, 1923, he was restored and re-instated and has since occupied the position of chief street engineer and received the salary belonging thereto. Meanwhile, between May 22, 1916, and April 9, 1917, the position was occupied by Julius Gabelman by reason of temporary appointment, and between April 9, 1917, and March 2, 1923, as a regularly certified appointee and

as the result of a promotional examination held by the commission, and during all the time between May 22, 1916, and March 2, 1923, all of the money appropriated by the city council for salary for the position of chief street engineer, amounting to a total of $25,096.82, was paid to Gabelman.

It is the contention of plaintiff that the payment of salary to the *de facto* employee, in order that it shall constitute a defense against a suit brought by the *de jure* employee, must be shown to have been made in good faith, and that the payment by the defendant of the salary appropriated for chief street engineer of the board of local improvements during the period in question was not made by the defendant in good faith. *Bullis* v. *City of Chicago,* 235 Ill. 472, *People* v. *Bradford,* 267 id. 486, *People* v. *Coffin,* 279 id. 401, *People* v. *Schmidt,* 281 id. 211, and *People* v. *Thompson,* 316 id. 11, are cited in support of such contention. We have carefully examined each of these cases and many others, and while in some cases we find a statement to the effect that if the salary or compensation has been paid in good faith to a *de facto* employee during the time the position was in his possession such payment is a good defense on behalf of the municipality to a suit brought by the *de jure* employee to recover the same, in no case where the question was involved do we find that it has been held by this court that proof of the good faith of the payment to the *de facto* employee was a requisite element of such defense prior to a judicial determination as to which was the *de jure* employee. In *Bullis* v. *City of Chicago, supra,* it was said: "If appellee was wrongfully prevented from performing the duties of his office he may recover his salary for the time during which he was so prevented, where it has not been paid to anyone performing the duties of the office."

*People* v. *Schmidt, supra,* was a suit in *mandamus* where the plaintiff alleged in his petition that he had been

illegally removed from the position of grain helper in the East St. Louis grain inspection office of the State,—a civil service position,—and afterwards re-instated, and he prayed that the respondents be required to place his name on the pay-roll and pay him for the time he was illegally laid off as a grain helper. The respondents in their answer admitted the facts as to relator's discharge and restoration, but set up as a defense that the salary for the position during all that time had been paid to a *de facto* incumbent, without alleging that such payment was made in good faith. The court said: "The principal question to be decided here is whether the payment of a salary provided for an office or position to a *de facto* employee or officer in said position is a good defense to a claim against the public corporation making such payment in an action against such corporation by a *de jure* officer or employee to recover such salary." The court held that the answer stated a good defense, so that while this case is cited and relied upon by defendant in error the decision of the court is contrary to his contention here. *People* v. *Burdett,* 283 Ill. 124, is a similar case, and it was there said: "One of the defenses interposed by appellants is that a *de jure* officer or employee who has been for a time wrongfully prevented from discharging the duties of his office cannot recover from the State the salary for such time when it has been paid to a *de facto* officer who has discharged the duties of the position during the period of time the *de jure* officer was prevented from discharging them. This was held to be a good defense in *People* v. *Schmidt,* 281 Ill. 211, where the precise question here raised was passed upon and where it was held the *de jure* officer could not in such case recover. Any contrary holding in *People* v. *Coffin,* 279 Ill. 401, is overruled."

The above holding is ·not only supported by the great weight of authority in other jurisdictions, (*Saline County* v. *Anderson,* 20 Kan. 298; *Sangel* v. *Harrington,* 43 Wash.

603; *Commissioners* v. *Rhode,* 41 Col. 258; *Coughlin* v. *McElroy,* 74 Conn. 397; *Chandler* v. *Hughes County,* 9 S. D. 24; *City of Terre Haute* v. *Barrie,* 116 N. E. 604; *Brown* v. *Tama County,* 122 Iowa, 745; *Nall* v. *Coulter,* 117 Ky. 747; *State* v. *Milne,* 36 Neb. 301; *Stemmler* v. *New York,* 179 N. Y. 473; *McDonald* v. *Newark,* 58 N. J. L. 12; 22 R. C. L. 543;) but has for its basis the public interest. The exigencies of society require efficient performance of official duties, and to secure such performance prompt payment therefor is an essential requisite. Disbursing officers of municipalities are not clothed with judicial power to determine whether or not a person vested with the indicia of an office and performing the duties of such office is, in fact, a *de jure* officer where there has been no judicial determination of such fact. To require the public authorities to withhold the pay of an incumbent or public officer until a judicial decision, or pay the same at the peril of having to pay the same a second time, would be a source of much embarrassment and greatly tend to impair the efficiency of the public service. In the instant case, during all the time for which the compensation in question is claimed, a person other than plaintiff was the *de facto* chief street engineer for defendant (*People* v. *Schmidt, supra,*) and received the compensation for his services. Plaintiff had not at that time been adjudicated the *de jure* chief street engineer. Payment to such *de facto* employee was a good defense to this suit, and the circuit and Appellate Courts erred in holding otherwise.

The judgments of the Appellate Court for the First District and of the circuit court are therefore reversed.

*Judgment reversed.*