CHARLES J. O'CONNOR, Defendant in Error, *vs.* THE CITY
OF CHICAGO, Plaintiff in Error.

*Opinion filed October 22, 1927—Rehearing denied Dec. 14, 1927.*

OFFICES—*proof of good faith in payment to de facto officer is
not essential to defense of suit against city by de jure officer.* Proof
of good faith in the payment of the salary or compensation of a
municipal office or employment to a *de facto* incumbent during
the time he has performed the duties of the office prior· to the re-
instatement of the *de jure* officer or employee is not a requisite
element in setting up such payment as a defense to an action by
the *de jure* officer against the municipality for the same salary
or compensation.

WRIT OF ERROR to the Second Division of the Appellate
Court for the First District;—heard in that court on ap-
peal from the Municipal Court of Chicago; the Hon. JOHN
J. LUPE, Judge, presiding.

FRANCIS X. BUSCH, Corporation Counsel, (FRANCIS J.
VURPILLAT, of counsel,) for plaintiff in error.

FRANKLIN RABER, and WILLIAM J. McGAH, for de-
fendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Charles J. O'Connor instituted suit against the city of
Chicago in the municipal court of that city to recover sal-
ary for the period from January 10, 1919, to March 30,
1922, which he claimed was due him as chief clerk in the
office of the comptroller of the city of Chicago. To the
plaintiff's amended statement of claim, verified by affidavit,
the defendant interposed an affidavit of merits, which set
forth that during the period in question the duties of the
chief clerk in the comptroller's office had been performed
by incumbents *de facto* of the position, and that all moneys
appropriated or provided by the city council as salary for

that position during the same period had been paid by the defendant to such incumbents in good faith. The cause was tried by the court without a jury and judgment was rendered in favor of the plaintiff for $11,246.66 and costs. The city prosecuted an appeal to the Appellate Court for the First District, and that court affirmed the judgment. Upon petition by the city this court awarded a writ of *certiorari,* and the record is here for a further review.

For a number of years prior to January 10, 1919, Charles J. O'Connor, the defendant in error, had occupied the position of chief clerk in the comptroller's office of the city of Chicago under the act regulating the civil service in cities. On July 5, 1916, he delivered to the city comptroller, at the latter's request, a letter signed by him in which he tendered his resignation as chief clerk, to take effect immediately upon his failure to report for work at any time. The comptroller held the letter until January 10, 1919, when he accepted O'Connor's resignation and notified him of the fact. The civil service commission was also informed of the comptroller's action and that body approved O'Connor's discharge. Shortly thereafter O'Connor sought re-instatement in his position by filing a petition for a writ of *mandamus* in the circuit court of Cook county. He charged in his petition that he had not intended to relinquish his position, and that the purported resignation was obtained by threats of suspension and the filing of charges against him. The circuit court upheld the discharge and denied the writ. O'Connor prosecuted an appeal to the Appellate Court for the First District, and on January 17, 1922, that court reversed the circuit court's judgment and remanded the cause, with directions to award the writ as prayed. On March 30, 1922, pursuant to the mandate of the Appellate Court, O'Connor was restored to his position.

During the period from January 10, 1919, until May 31, 1919, the comptroller made successive formal written re-

quests upon the civil service commission for authority to make temporary appointments to the position in question. The authority was granted, Albert H. Miller was appointed, and during the period mentioned he performed the duties of the position and was paid the salary appropriated therefor. No person occupied the position of chief clerk from June 1, 1919, until August 20, 1919. Formal written requests were again successively made by the comptroller upon the commission for authority to make like temporary appointments during the period from August 21, 1919, to February 3, 1922, and the authority was granted in each instance. Roy J. Battis was appointed, and during the period stated he acted as chief clerk and received the salary appropriated for the position. Thereafter, pursuant to a written request by the comptroller for an original appointment, the commission certified, and the comptroller appointed, Samuel F. Manning, and he performed the duties of the position and was paid its salary from February 4, 1922, until March 29, 1922. The re-instatement of the defendant in error occurred on the following day.

The city concedes that the defendant in error is entitled to recover the salary which accrued from June 1, 1919, until August 20, 1919, during which period no person occupied the position of chief clerk and no salary or compensation was paid for the discharge of its duties. The salary so accrued amounts to $850.

The plaintiff in error insists that payment by a municipality of the salary of a public office or employment to a *de facto* incumbent while the latter discharges its duties is a defense to an action by the *de jure* officer or employee against the municipality to recover the salary for the same period. The defendant in error, on the contrary, contends that payment of the salary to a *de facto* public officer or employee, in order to constitute a defense to a suit brought by the *de jure* officer or employee for the recovery of the same salary, must be shown to have been made in good

faith, and that the record in the instant case discloses that during the period in question the salary was paid to the *de facto* incumbents not in good faith but with the fraudulent intent on the part of the officers of the city of Chicago to violate the provisions of the Civil Service act.

During the major portion of the time for which the defendant in error claims salary, persons other than himself, by virtue of appointments made, successively acted as chief clerk in the comptroller's office. These persons were the *de facto* incumbents of the office or employment. They discharged its duties and received the salary appropriated. Whatever controversy might exist concerning the right or title to the office or employment, the public interest required that its duties should be promptly performed. Both the trial and Appellate Courts sustained the contention of the defendant in error that to constitute a defense to a suit brought by the *de jure* officer or employee for the recovery of the salary of the office or employment the payment of the salary to the *de facto* incumbent must have been made in good faith. After a review of the authorities it was held in *Hittell* v. *City of Chicago,* (*ante,* p. 443,) that proof of good faith in the payment of the salary or compensation of a public office or employment to the *de facto* incumbent during the time that he performed its duties, prior to the re-instatement of the *de jure* officer or employee, is not a requisite element of the defense of such payment to an action by the latter against the municipality for the same salary or compensation. *Hittell* v. *City of Chicago, supra,* is decisive of the question here involved, and the payments of salary made by the plaintiff in error to the successive *de facto* incumbents of the position of chief clerk in the comptroller's office for the period in question constitute *pro tanto* a defense to this suit.

The plaintiff in error concedes that the defendant in error is entitled to recover the salary during the time the duties of the position were not performed by a *de facto*

incumbent.   There was no such incumbent from June 1, 1919, until August 20, 1919, and the salary for that period amounts to $850.   The defendant in error should have recovered judgment for that sum.

The judgments of the Appellate and municipal courts are reversed and the cause is remanded to the municipal court of Chicago, with directions to render judgment in favor of the defendant in error for $850.

*Reversed and remanded, with directions.*