The People of the State of Illinois ex rel. Lou Hamilton, Appellee, v. City of Chicago et al., Appellants.

Gen. No. 36,901.

Heard in the second division of this court for the first district at the June term, 1933. Opinion filed March 6, 1934.

WILLIAM H. SEXTON, Corporation Counsel, and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellants.

R. E. BLACKWOOD, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Lou Hamilton, relator, hereinafter referred to as petitioner, was certified by the civil service commission to the position of telephone operator in the police department of the City of Chicago, October 23, 1930. She was discharged April 14, 1931, without the assignment of any cause or reason. She was reinstated November 10, 1931, pursuant to judgment entered in a previous action of mandamus on the ground that she

had been illegally discharged. The instant mandamus action was brought by her subsequent to her reinstatement to compel the City of Chicago and its proper officials to pay her $855.68, salary alleged to be due from April 14, 1931, the date of her wrongful discharge, until her reinstatement November 10, 1931. General and special demurrers to her petition for mandamus were overruled and, respondents electing to abide by their demurrers, judgment was entered that a writ of mandamus issue commanding them to pay her the above amount. This appeal followed.

Pars. 1 to 6, inclusive, of the petition alleged facts to establish her character as a civil service employee in the classified service of the city. Pars. 7 to 19, inclusive, alleged facts that established that certain designated officers of the City of Chicago, without substantial compliance with the civil service act and the rules of the civil service commission, wrongfully removed her as a probationer from her position as telephone operator; that she made a demand for restoration thereto; and that by a previous writ she was reinstated to her position and thereafter paid her salary. Pars. 20 and 21 contained the following averments:

"20. Your petitioner further shows that there is due her at One Hundred Twenty-five Dollars ($125.00) per month until October 23, 1931, the sum of $779.19, and thereafter from October 23, 1931, to November 10, 1931, at One Hundred Thirty-five Dollars ($135.00) per month, the sum of $76.50, making a total of $855.69 due your petitioner.

"21. Petitioner further shows that each of the respondents herein are charged with specific duties in initiating and preparing pay rolls for employees and such duties must be performed that salary due your petitioner as telephone operator, police, may be paid to her."

The petition concluded with the following prayer:

"That a writ of mandamus issue herein, directed to and against each of the respondents herein directing each of them to perform their specific duties in connection with pay roll preparation to the end that your petitioner may be . . . paid her salary for the period April 14, 1931, to November 10, 1931, in the sum of $855.69, subject to the laws and ordinances in regard to such acts. . . . "

Respondents' general demurrer was in the usual form and the pertinent portion of their special demurrer was as follows:

"The petitioner herein has mistaken her remedy and has resorted to the action of mandamus when, by the affirmative allegations of her pleadings the only actions at law available to her are those of debt and assumpsit, the petitioner demanding the payment to her of a claim alleged to be due her from the city upon which no action or judgment has been taken."

The material portion of the judgment order entered by the trial court is as follows:

"It is therefore ordered and adjudged by the court that a writ of mandamus be issued by the clerk of this court and under the court's seal, commanding the respondents, Edward J. Kelly, as Mayor, James A. Kearns, as City Treasurer, M. S. Szymczak, as City Comptroller, James P. Allman, as Commissioner of Police, Richard J. Collins, Alfred O. Anderson and Joseph P. Geary, as the Civil Service Commission, all of the City of Chicago, each and all of them to do any and all things necessary to enable petitioner to receive the warrant of the City of Chicago in the amount of $855.69; that Respondent Szymczak as City Comptroller draw or cause to be drawn a warrant to petitioner in said amount and that Respondent Kearns as City Treasurer of the City of Chicago pay same to the end that your petitioner shall receive the same

amount of $855.69 due petitioner for the period set forth in petition herein.''

Respondents contend that the petition for the writ is obnoxious to both special and general demurrers; that mandamus is not a writ of right and that petitioner has no right to the writ; that the affirmative allegations of the petition disclose a mere claim of debt alleged to be owing from the City of Chicago, or a promise to pay such debt, for which only the common law actions of debt or assumpsit are available; that such claim of debt can be adjudicated by resort to only one or the other of such actions, and until clearly established by judgment against the municipality its officers cannot be coerced by the writ to recognize and concede the legality of petitioner's demand, for they owe no duty to pay such claim until so liquidated and adjudicated against the city.

Petitioner's theory is that her salary had been appropriated; that after she had shown her right to it by reinstatement under the previous writ of mandamus the only thing left for respondents to do was to draw warrants and make payments to her as they have now been ordered and directed to do; and that she had a clear right to maintain mandamus to enforce her claim.

The sole question presented for our determination is whether petitioner has mistaken her remedy and is precluded from maintaining mandamus under the law and facts presented on this record. The rules for determining whether or not mandamus will lie to compel payment of money out of a municipal treasury are no different than those applicable in other cases. One of the rules most rigidly adhered to at common law was that the writ would never be issued if there was a plain, adequate legal remedy. In all States where mandamus still retains its common law form, unaltered by statute, a treasurer cannot be compelled to pay money if there is another adequate and specific rem-

edy. It has usually been held that if a suit would lie against the municipality on a warrant, or on a claim represented by the warrant, the treasurer would not be compelled by mandamus to pay it. 14 L. R. A., note pp. 773, 774.

However, in this State the common law rule has been changed by statute, and the question appears to have resolved itself into a matter of the court's inquiry as to whether or not the officers of the municipality, against whom the issuance of a mandamus is desired, have plain legal duties to perform which they may conveniently be compelled to do by mandamus. If there is no doubt as to the amount claimed, the right of the petitioner to receive it, or the duty of the proper officers to draw and pay warrants covering same, it would seem that it lies within the discretion of the court to award the writ to compel payment, even though there are other specific legal remedies available. Chap. 87, par. 9, Cahill's 1931 Revised Statutes, provides as follows:

"The proceedings for a writ of *mandamus* shall not be dismissed nor the writ denied because the petitioner may have another specific legal remedy, where such writ will afford a proper and sufficient remedy; and amendments may be allowed as in other civil suits."

While the remedy rests largely in the discretion of the courts, yet the rule is uniform and inflexible that the writ will not be granted unless the relator's right to it is clearly established. *People ex rel. Hillard v. Davis,* 93 Ill. 133.

Respondents earnestly insist that petitioner must first resort to an action in either debt or assumpsit to establish her claim and reduce it to judgment, and only upon the refusal of the city to pay the judgment may she proceed to mandamus the city or its proper officers to pay it. That was the law of this State prior to the revision of our Mandamus Act in 1874, placing it within the discretion of the court to allow the

writ where a clear right was shown for its issuance, even though the petitioner might have another specific legal remedy where such writ would afford a proper and sufficient remedy.

In our opinion where the petitioner's claim for "back salary" is one of a character whose payment the law imposes on the municipality, it is the obvious duty of the city comptroller and treasurer, or other paying officers, to pay when such officers have the funds to pay with. We fail to see that an action either in debt or assumpsit is a sufficient remedy in this cause where a clear right to the payment of a definite amount of salary wrongfully withheld from petitioner has been shown, as well as a plain duty on the part of the disbursing officers of the city to pay it. It appears to us that under the circumstances disclosed there is a palpable insufficiency in the remedy which would give her a personal judgment against the municipality to be followed, it may be, by a mandamus to compel the payment of the judgment. She has an immediate right to the payment of the salary appropriated for her at the time of her discharge, which appropriation was still effective at the time of her reinstatement, and a remedy which imposes any of the delay indicated and contended for, with its attendant expense, is entirely inadequate. (*Ray v. Wilson,* 14 L. R. A. 773.) A remedy which will avoid or preclude mandamus in this State in a proper case, in our opinion, must be one competent to afford relief upon the very subject matter in question and which is equally convenient, beneficial and effective. Ordinarily the remedy must be such as to enforce the right or compel the performance of the particular duty in question,—in effect specific performance—and not merely a remedy which in the end saves the party to whom the duty is owed unharmed by its nonperformance. 38 C. J., p. 561.

No case has been cited in this State and we have failed to find one which is decisive of the precise ques-

tion presented on this appeal. Cases have been cited in which unlawfully discharged State employees successfully maintained mandamus to compel the proper State officials to perform their duties to the end that such employees might receive their salaries for the period of their wrongful dismissal. These cases are not applicable to the issue presented here because that was the only remedy available to State employees, inasmuch as the State could not be sued directly without its consent. Respondents cite *City of Chicago v. Luthardt*, 191 Ill. 516, 522, *O'Connor v. City of Chicago*, 327 Ill. 586, and *Hittell v. City of Chicago*, 327 Ill. 443, 446, where in each instance the reinstated employee brought assumpsit to collect his "back salary," as indicative of the proper remedy to pursue in this character of case. Assumpsit was brought in those cases, but in none of them was it held that either assumpsit or debt was the exclusive remedy where, as here, a clear right has been shown to the payment of such salary or that mandamus would not lie. While many jurisdictions adhere to the common law rule that mandamus is a prerogative writ and should be awarded only where there was no other specific legal remedy, this State and many others have by statute liberalized the action to the extent that when the clear right is sufficiently shown mandamus will lie as a speedy, convenient and adequate remedy, even though other specific remedies may be available. The reason for this rule is clearly expressed in *People ex rel. German Ins. Co. of Freeport v. Getzendaner*, 137 Ill. 234, where, on p. 262, the court said:

"We have often held, that to authorize a mandamus to be issued, the petitioner must show a clear legal right. *The People v. Forquer*, Beecher's Breese, 104; *The People v. Chicago and Alton Railroad Co.*, 55 Ill. 95; *The People v. Glann*, 70 id. 232; *The People v. Village of Crotty*, 93 id. 180; *Lavalle v. Soucy*, 96 id. 467; *The People v. Dulaney et al.*, id. 503. And all of

the cases cited by counsel for the respondents which we have not herein commented upon, belong to this class,—the facts were not admitted, and the amount or the right involved presented an issue of fact. 'It is not the province of *mandamus*,' says High in his work on Extraordinary Remedies (sec. 339, 2d ed.), 'to settle the difference of opinion between municipal authorities and claimants, as to the amount due for services rendered. All such cases of disputed accounts or claims against the municipality should be referred to the arbitrament of a jury or to the ordinary process of the courts, and they cannot be determined by proceedings in *mandamus*.' . . . But there are here no facts in dispute. The allegations of the petition are admitted by the demurrer to be true, and the only contention is in regard to a conclusion of law, as to which, in our opinion, there is no doubt, and the case is therefore clearly within the authority of . . . cases cited . . . holding that *mandamus* will lie.''

Petitioner alleged her right to the position she held with the City of Chicago as a civil service employee, her wrongful discharge, the previous writ directing her restoration, her reinstatement, the specific appropriation for her salary at the time of her discharge and still in effect at the time of her reinstatement, the refusal to pay her salary for the period during which she was unlawfully prevented from performing her duties, and the duty of the designated officers of the city to perform and their refusal to perform specific acts in connection with pay roll preparation, to the end that she might be paid her salary for such period. All of these material allegations are admitted by the demurrer to be true. By reason of her restoration to her position by a previous writ of mandamus, and because of the persistence of the City of Chicago and its officials in refusing to pay her the definite appropriated salary of which she had been wrongfully deprived,

we are of the opinion that the trial court properly exercised its discretion in awarding the writ to compel its payment.

For the reasons indicated the judgment of the circuit court is affirmed.

*Judgment affirmed.*

GRIDLEY and SCANLAN, JJ., concur.