(No. 24448.—

MINNIE RYAN, Appellant, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed June 15, 1938.*

60

SAMUEL A. & LEONARD B. ETTELSON, (SAMUEL A. ET-
TELSON, EDWARD C. HIGGINS, and CARL J. APPELL, of
counsel,) for appellant.

BARNET HODES, Corporation Counsel, (FRED V. MA-
GUIRE, CARL H. LUNDQUIST, J. HERZL SEGAL, and WALTER
V. SCHAEFER, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on direct appeal to review the decree
of the superior court of Cook county dismissing the ap-
pellant's complaint for want of equity. Appellant, a resi-
dent taxpayer of the city of Chicago, filed her complaint
on behalf of herself and others similarly situated, in which

she averred that pursuant to an amendment of section 12 of the Civil Service act for cities and villages, effective July 12, 1935 (Ill. Rev. Stat. 1937, chap. 24½, p. 722) granting to cities which should adopt or had adopted the act, the right to provide, by ordinance, for the compulsory retirement of policemen and firemen in the classified civil service upon reaching an age of not less than sixty-three years, the city council of the city of Chicago passed an ordinance fixing an age limit of sixty-three years for the compulsory retirement of policemen and firemen in the classified civil service, and that, subsequent to the adoption of the ordinance, defendant the civil service commission, issued three certain orders purporting to retire more than two hundred policemen and firemen who had attained the compulsory retirement age. The complaint is that these orders are illegal and void because based solely on an ordinance having its authority in the amendment to section 12 of the Civil Service act, *supra,* which the complaint charges is invalid.

It is next charged that the defendants have announced their intention to carry the orders into effect and retire all policemen and firemen upon attaining the age of sixty-three years, and to hold civil service examinations for filling the vacant positions and to appoint other policemen and firemen to such positions. This, the complaint charges, is unlawful and will entail the payment of salaries to new appointees which will likewise be unlawful, and that the city will be obliged to defend numerous suits by such retired officers for the recovery of their salaries, and, therefore, an injury will accrue to plaintiff and others similarly situated. The expenditures of public funds charged to be unlawful, are: (1) In holding examinations to fill vacancies; (2) in defending suits brought to recover salaries, and (3) the payment of salaries to new appointees. The prayer is for an injunction restraining the discharge of any policeman or fireman by virtue of the ordinance or statute complained of

or paying out money for holding any examinations to fill vacancies, or paying salaries to persons appointed to such purported vacancies. The appellees moved to strike the amended complaint for insufficiency in law. The motion was sustained and the complaint was dismissed for want of equity.

One of the grounds of appellees' motion to strike is that the appellant has not shown a right to bring her suit in equity for the reason that she will not be detrimentally affected by the operation of the act and ordinance. Equitable jurisdiction over official action is based on the theory that a taxpayer has an equitable interest in public funds which it is charged will be expended for an illegal purpose, thus incurring a liability on the taxpayer to replenish the treasury. *Dudick* v. *Baumann,* 349 Ill. 46; *Moran* v. *Bowley,* 347 id. 148.

Counsel for appellant say that in this case the motion to strike admitted the allegations of fact, among which were that the city would expend large sums of money to conduct civil service examinations and to pay salaries to those policemen and firemen appointed to fill purported vacancies. While it is a rule of law that facts well pleaded are, for purposes of a demurrer or motion to strike, taken as true, yet it is clear that where conclusions of law rather than specifications as to facts are made, and the court can see that such conclusions are not well founded, the defendant moving to strike for want of equitable jurisdiction can scarcely be said to have admitted such conclusions, and the rule referred to can necessarily have no application. Otherwise, all cases of this kind must first come to a hearing to determine whether a court of equity has jurisdiction. In other words, as applied to this case, if the court can see that, under the law, the city would not incur additional expense in the payment of salaries to new appointees, even though the act be invalid, and if the court can also, as a matter of law, see that the allegations of expenditure of

large sums of money for conducting examinations cannot, in the nature of the purpose alleged, be true, it can scarcely be said that a motion to strike a bill alleging such conclusions, admits such conclusions to be correct.

First, as to the allegation that salaries paid to new appointees must also be paid to the old incumbents if the act is invalid, the law is that the payment of salaries to appointees to fill purported vacancies is the payment to *de facto* incumbents, and the *de jure* policemen and firemen cannot compel the city to make a second payment of salaries to them. *Hittell* v. *City of Chicago,* 327 Ill. 443; *O'Connor* v. *City of Chicago,* id. 586; *People* v. *Burdett,* 283 id. 124; *People* v. *Schmidt,* 281 id. 211.

Nor can it be said that appellant will be financially affected by the conduct of examinations. The discharge of the duty to conduct such examinations is placed upon the civil service commission by provisions of the act not complained of. Where the expense of conducting such examinations is too trifling to constitute an injury to a taxpayer, such expenditure does not afford a basis for an equitable proceeding. In *Payne* v. *Emmerson,* 290 Ill. 490, it was sought to restrain the submission of certain public-policy questions to the voters, and the assistance of equity was sought on the ground that it involved the expenditure of public funds. While that case also involved the right of a court of equity to enjoin an election, it is not unlike the case before us. The election at which the public propositions were to be submitted was a regular election provided for by valid law, just as the conduct of civil service examinations is required by provisions of the act not here attacked. The gist of the supposed basis for equitable jurisdiction in the *Payne case* was the expense of preparing and submitting the ballots on the public-policy question. This expense was, in that case, held to be too trifling to amount to an injury to a taxpayer. *McAlpine* v. *Dimick,* 326 Ill. 240, is not, as supposed, authority for appellant's position.

In that case it was sought to enjoin an election provided by an act claimed to be invalid. Such an election involved the expenditure of large sums of money which would not be expended if the act was invalid as no election would be held. Such is not the case here. The civil service commission will continue to function and to hold examinations regardless of the validity or invalidity of the amendment to section 12 of the act, and the additional expense occasioned by additional examinations is too trifling to be reflected in appellant's tax bills.

Counsel for appellant also argue that it was settled by the Appellate Court that equitable jurisdiction exists. The facts pertaining to that matter are as follows: This cause was first appealed directly to this court and was transferred to the Appellate Court because no questions were here involved giving this court jurisdiction on direct appeal. (*Ryan v. City of Chicago*, 363 Ill. 607.) The question of equitable jurisdiction was argued in the case. The Appellate Court held that such jurisdiction existed and reversed the decree of the superior court and remanded the cause. As such was not a final order it was not open to review here, but the question was again pressed on remandment. The amended complaint questioned the validity of the statute. The superior court held the act valid and again dismissed the bill for want of equity. Thus, appellees' issue of equitable jurisdiction has not been foreclosed in this court. The averments of the amended complaint do not afford jurisdictional basis for maintaining this suit in equity. *Payne v. Emmerson, supra; Price v. City of Mattoon*, 364 Ill. 512; *Koehler v. Century of Progress*, 354 id. 347; *McCormick v. Chicago Yacht Club*, 331 id. 514.

The decree of the superior court, dismissing the bill for want of equity, was right, and it is affirmed.

*Decree affirmed.*