Hiram B. Loomis and Russell L. Wise, Appellees, v. James B. McCahey et al., Appellants.

Gen. No. 40,127.

Heard in the third division of this court for the first district at the June term, 1938. Opinion filed November 30, 1938. Rehearing denied December 16, 1938.

RICHARD S. FOLSOM and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, both of Chicago, for appellants; FRANK S. RIGHEIMER and JOSEPH B. FLEMING, of Chicago, of counsel.

JOHN E. NORTHUP, CAMERON LATTER and JOHN LIGTENBERG, all of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a decree of the superior court, wherein an injunction was issued on the amended complaint of plaintiffs as citizens, residents and tax-

payers, restraining the board of education and its officers from continuing in employment certain principals of schools who had been appointed after examination, and invalidating the eligible list prepared as a result of such examination. The trial court found for the complainants, and defendants bring this appeal.

The amended bill filed in this cause, after eliminating many unnecessary allegations, charges in substance that the examination conducted by the board of education was invalid and that the principals of the schools who had been appointed to their positions as such, pursuant to said examination, illegally held their offices and that the payment to them of their respective salaries was an unwarranted and illegal expenditure of public moneys and revenues of this school district and that the complainants, as taxpayers, residents and citizens, were injured because of this illegal expenditure.

A motion was made by defendants to strike the bill, which was overruled and defendants elected to stand on same and the chancellor issued an injunction, a part of which was mandatory in character, enjoining the school board from continuing the principals in its employment and from paying their respective salaries. In substance preventing the board of education from conducting the schools with these principals in charge thereof until some different kind of examination could be had. All this was done without a hearing and based on the allegations of the bill. Many of said charges in said complaint were alleged to have been made on information and belief, without disclosing the source of said knowledge.

Disregarding the immaterial allegations of the bill—relating to political matters which are impertinent and irrelevant and have no place or connection with the issues which are presented to us for consideration—we have before us the question as to the action of the

trial court in issuing an injunction after the motion to dismiss had been overruled and the defendants had elected to stand by said motion. The questions presented by the bill and the motions are very voluminous, so much so, in fact, that the complainants required five printed pages in which to present their theory of the case.

The first question which we shall consider is: Were the complainants detrimentally affected by the actions of defendants?

Plaintiffs, as taxpayers as well as in their other capacities, say in their amended bill of complaint that if these principals are paid their salaries—salaries which plaintiffs claim are illegal—that plaintiffs as such taxpayers, will have to replenish the funds from which the money is taken, on the theory that where a *de facto* officer is paid a salary and it is later shown that a *de jure* officer should have filled that office and drawn the salary in connection therewith, that, as a consequence both salaries would have to be paid. Equitable jurisdiction over official action is based on the theory that a taxpayer has an equitable interest in public funds which it is charged will be expended for an illegal purpose, thus incurring a liability on the taxpayer to replenish the treasury. *Dudick v. Baumann*, 349 Ill. 46; *Moran v. Bowley*, 347 Ill. 148. Of course it follows that as *citizens* and *residents* as distinguished from *taxpayers*, the plaintiffs in this case could not invoke the jurisdiction of a court of equity. Plaintiffs do not differentiate as to their status.

No showing appears from the plaintiffs' bill—except by the allegation of a conclusion—as to any added expenditure which plaintiffs would have to make and thereby increase their tax bills. The taxes they claim to have paid, or which they will have to pay, are not set forth in their complaint, so that it is impossible for us to estimate or even presume the amount of the

increase alleged to have been made. Nor is it shown that there would be an increase in the outlay of public revenue or the amount of same with regard to the examiner's costs. Under the statute, the board of examiners consists of the superintendent of schools and two other persons, one of whom, the superintendent, has already been paid for his time by the board of education and this added work calls for no additional compensation according to the allegations of the complaint.

The right of a taxpayer to maintain a suit of this kind has recently been decided by the Supreme Court in the case of *Ryan v. City of Chicago,* 369 Ill. 59, which is a case parallel to the instant case. In the *Ryan* case plaintiff, a taxpayer, filed a bill for injunction on behalf of herself and other taxpayers similarly situated, wherein she sought to restrain the discharge of certain policemen and firemen pursuant to an ordinance which provided that policemen and firemen should be compulsorily retired when they had reached the age of sixty-three, said ordinance having been passed pursuant to an amendment to section 12 of the Civil Service Act for cities and villages [Ill. Rev. Stat. 1937, ch. 24½, § 14; Jones Ill. Stats. Ann. 23.014], effective July 12, 1935. In that case plaintiff contended that the amendment to the Civil Service Act was illegal and that consequently the discharge of the policemen and firemen was illegal since it was based on an ordinance authorized by this illegal amendment to the Civil Service Act. The Supreme Court in that case, said:

"Counsel for appellant say that in this case the motion to strike admitted the allegations of fact, among which were that the city would expend large sums of money to conduct civil service examinations and to pay salaries to those policemen and firemen appointed to fill purported vacancies. While it is a rule

of law that facts well pleaded are, for purposes of a demurrer or motion to strike, taken as true, yet it is clear that where conclusions of law rather than specifications as to facts are made, and the court can see that such conclusions are not well founded, the defendant moving to strike for want of equitable jurisdiction can scarcely be said to have admitted such conclusions, and the rule referred to can necessarily have no application. Otherwise, all cases of this kind must first come to a hearing to determine whether a court of equity has jurisdiction. In other words, as applied to this case, if the court can see that, under the law, the city would not incur additional expense in the payment of salaries to new appointees, even though the act be invalid, and if the court can also, as a matter of law, see that the allegations of expenditure of large sums of money for conducting examinations cannot, in the nature of the purpose alleged, be true, it can scarcely be said that a motion to strike a bill alleging such conclusions, admits such conclusions to be correct.

"First, as to the allegation that salaries paid to new appointees must also be paid to the old incumbents if the act is invalid, the law is that the payment of salaries to appointees to fill purported vacancies is the payment to *de facto* incumbents, and the *de jure* policemen and firemen cannot compel the city to make a second payment of salaries to them. *Hittell v. City of Chicago,* 327 Ill. 443; *O'Connor v. City of Chicago,* id. 586; *People v. Burdett,* 283 id. 124; *People v. Schmidt,* 281 id. 211.

"Nor can it be said that appellant will be financially affected by the conduct of examinations. The discharge of the duty to conduct such examinations is placed upon the civil service commission by provisions of the act not complained of. Where the expense of conducting such examinations is too trifling to constitute an injury to a taxpayer, such expenditure does

not afford a basis for an equitable proceeding. In *Payne v. Emmerson,* 290 Ill. 490, it was sought to restrain the submission of certain public policy questions to the voters, and the assistance of equity was sought on the ground that it involved the expenditure of public funds. While that case also involved the right of a court of equity to enjoin an election, it is not unlike the case before us. The election at which the public propositions were to be submitted was a regular election provided for by valid law, just as the conduct of civil service examinations is required by provisions of the act not here attacked. The gist of the supposed basis for equitable jurisdiction in the *Payne* case was the expense of preparing and submitting the ballots on the public policy question. This expense was, in that case, held to be too trifling to amount to an injury to a taxpayer. *McAlpine v. Dimick,* 326 Ill. 240, is not, as supposed, authority for appellant's position. In that case it was sought to enjoin an election provided by an act claimed to be invalid. Such an election involved the expenditure of large sums of money which would not be expended if the act was invalid as no election would be held. Such is not the case here. The civil service commission will continue to function and to hold examinations regardless of the validity or invalidity of the amendment to section 12 of the act, and the additional expense occasioned by additional examinations is too trifling to be reflected in appellant's tax bills.''

The averments contained in the amended bill of complaint do not furnish a basis upon which this suit could be maintained in a court of equity as said averments were in many instances conclusions of law as well as fact. *Payne v. Emmerson,* 290 Ill. 490; *Price v. City of Mattoon,* 364 Ill. 512; *Koehler v. Century of Progress,* 354 Ill. 347; *McCormick v. Chicago Yacht Club,* 331 Ill. 514.

From the allegations as contained in the amended bill we cannot see wherein the complainants would be injured in a monetary sense.

We are further of the opinion that the decree was erroneous in that all the necessary and interested parties were not included in the suit. The effect of the order of the trial court was to destroy the eligible list. There were some 100 school teachers remaining on the eligible list after the first 100 had been appointed to positions. These parties were interested parties as they had passed the examination and they should have been heard before the list which bore their names was held invalid. The trial court required only those who had been selected as principals from this eligible list to be named in the suit and refused to require that the others named on said eligible list be included.

In the case of *People ex rel. Voss v. O'Connell,* 252 Ill. 304, the petition alleged that the civil service commissioners had maintained three separate lists, one for desk sergeants, one for detective sergeants and one for patrol sergeants; that plaintiffs had taken promotional examinations, some for one type of sergeant and some for another and had been certified and ranked; that thereafter the lists were consolidated and the rankings were consolidated and appointments made from the consolidated list; that the result was to put others before the petitioners in the consolidated list and thus delay and prevent the appointment of petitioners. Petitioners made parties defendant to that action the city of Chicago, civil service commissioners, the superintendent of police and city comptroller and various policemen who had been appointed ahead of them. The petitioners asked to have the consolidated order set aside and applicants appointed to the separate categories of detectives from the separate lists. In the lower court the petition was dismissed

as to the policemen appointed from the consolidated list and made parties defendant and the writ was then issued. The appointed officers against whom the petition had been dismissed then sued out a writ of error to the Appellate Court for review of the mandamus proceedings. The Appellate Court dismissed the writ of error on the ground that they had no interest in the suit and were not affected by the suit. On appeal, in reversing the judgment of the Appellate Court, the Supreme Court, at pages 309, 310, said: "The appellants are as much interested in the subject matter of this suit as the petitioners, the interest of the petitioners being to set aside the consolidation and the interest of the appellants being to maintain it. The right of the appellants to hold their positions depends upon the success of the defense. They are the only ones having any valuable or substantial interest in maintaining the consolidation."

So, in the instant case, the one hundred school teachers remaining on the eligible list were also interested in maintaining this list as well as the principals who had been appointed therefrom, and said teachers who passed the examination and were on the list should have been made parties to this suit and heard before the decree was entered.

We are of the opinion that in the instant case in view of the holding of the Supreme Court which is controlling and under the allegations as contained in the bill, that the plaintiffs did not sustain any injury and a court of equity could not grant relief. Therefore, it will be unnecessary for us to pass upon the various other contentions advanced by said complaint. The trial court should not have granted the injunction and committed error in so doing.

Many other questions are presented by the plaintiffs but inasmuch as we are of the opinion that the plaintiffs, as taxpayers, have not made out such a

case as by their amended complaint would entitle them to maintain this suit we shall not discuss such questions further.

For the reasons herein given the decree is reversed and cause remanded.

*Decree reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.