The People of the State of Illinois ex rel. Augustus F. Cheatham, Appellee, v. Board of Supervisors of the County of Bond et al., Appellants.

Opinion filed March 13, 1939.

STANFORD S. MEYER, State's Attorney, for appellants.

COMBE & SMITH, of Greenville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

Relator filed his petition for the writ of mandamus to be directed against the county clerk, county treasurer and board of supervisors of Bond county, com-

manding them to certify him as one entitled to a pension for the blind and to issue to him warrants for the amount now due him thereunder. By the petition relator has brought himself wholly within the scope and class of those persons who are entitled to blind relief. The intervening officers, according to the petition, such as the county clerk and the examiner for the blind of the said county have done all that the law required of them in the premises with reference to petitioner. The board of supervisors, as the petition shows, has arbitrarily failed and refused to pay the amount prescribed by the statute to relator. Appellants moved in the court below to dismiss this amended petition, alleging that petitioner's right was not clear and unequivocal; that he must have a judgment against the county before mandamus will lie to compel the things prayed for in said petition.

The trial court overruled this motion and awarded the writ of mandamus. The case is brought here on appeal by appellants, and here they allege the same matters as they alleged in the court below.

This statute with reference to the duty of the board of supervisors is just as plain and unequivocal as the English language can make it. When one brings himself within this act the board of supervisors of the particular county has no discretion in the matter; their duties are plain; they are mandatory and they are ministerial. The act creating such duties and prescribing the amount to be paid is just as solemn as any judgment could possibly be. There is nothing left to do in the whole matter except for the board of supervisors to do the ministerial acts which are asked for in the petition and prescribed by the statute; no judgment is necessary, and even if suit at law under this act might result in a judgment against the county, relator would be presented with the same condition which he now is,—that is, would the board of supervisors act?

In our view of the matter relator's right to mandamus is clear and unequivocal within the meaning of those terms as they have been interpreted by our courts. Therefore, no judgment is necessary before appellants should perform the duties enjoined upon them. (*People ex rel. Hamilton v. City of Chicago*, 274 Ill. App. 206.) *People ex rel. Campbell v. Kapp*, 295 Ill. App. 92.

The action of the board in refusing to issue its warrants to relator seems to us to be arbitrary, capricious and a refusal to perform a solemn duty which the law places upon them without question.

The trial court did not err in overruling the motion to dismiss the amended petition and in awarding the writ of mandamus. Its judgment in that regard is affirmed.

*Judgment affirmed.*