(No. 3745—)

WILLIAM V. LAIRD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1943.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, William V. Laird, a civil service employee of the Department of Public Welfare of the State of Illinois, was appointed a Housefather on November 28, 1940, at the Illinois State Training School for Boys at St. Charles. He worked in that capacity until February 10, 1941, at a salary of $84.00 per month, plus maintenance. Claimant was absent from work from February 10, 1941, to February 13, 1941. On February 13, 1941, claimant was suspended pending a civil service hearing of charges which had been preferred against him. Claimant subsequently resigned.

Claimant alleges that he is entitled to payment of his salary from February 13, 1941, to August 15, 1941, in a total sum of $504.00. From the report of the Director of the Department of Public Welfare, which is a part of the record, it appears that claimant rendered no service to the respondent after February 10, 1941, and resigned as of May 15, 1941. Correspondence between

the claimant and the Department relative to the payment of salary for the period of March 15, 1941, to May 15, 1941, corroborates this statement. There is nothing in the record to sustain the claimant's allegation that he resigned on August 19, 1941.

It also appears from the report of the Department of Public Welfare that claimant was in charge of Pierce Cottage at the Illinois State Training School for Boys at the time of his suspension; that because of the nature of his duties, and because of the necessity of filling the vacancy at once, claimant was immediately replaced and his salary paid to his successor.

It is true that the right to the salary is attached to and follows the legal title to the office, (*People* vs. *Bradford,* 267 Ill. 486; *City of Chicago* vs. *Luthart,* 191 Ill. 516), and the rule applies irrespective of the question by whom the services were in fact actually rendered, and is applied in cases involving the rights of civil service employees as well as in cases involving the rights of elected public officials. (*Wilson* vs. *State,* No. 3685, decided at the March, 1943, term of this court.)

Claimant, however, has not established his legal title to the office. It does not appear from the record whether claimant was legally or illegally discharged, or whether he was rightfully or wrongfully prevented from performing the duties of his position. The record does not show whether or not he was ever subsequently reinstated by the Civil Service Commission. The record shows only that claimant was absent from work after February 10, 1941, and that on February 13, 1941, charges were preferred against him. During the period of time for which claimant seeks payment of salary, a de facto employee discharged his duties and received his salary. Payment of the salary or compensation of a

public office or employment to a de facto incumbent during the time that he performed its duties prior to the reinstatement of the de jure officer or employee is a defense to an action by the de jure officer seeking payment of the same salary or compensation (*Hittell* vs. *City of Chicago,* 327 Ill. 443; *O'Conner* vs. *City of Chicago,* 327 Ill. 586).

An award is therefore denied.