(No. 4301— )

JAMES LUZZI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*
*Supplemental opinion filed October 5, 1951.*

EUGENE P. MEEGAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, James Luzzi, filed his original claim on May 11, 1950, in which he alleged that he had occupied the position of carpenter of the classified Civil Service of the State of Illinois; that he was certified as such on December 1, 1934; and, that he had performed his duties as carpenter until he was laid off on June 6, 1947. Claimant contends that he was wrongfully laid off, while temporary employees were working, and was wrongfully deprived of performing his duties as a carpenter as a member of the classified Civil Service of the State of Illinois. Claimant further contended that he made demands upon the Civil Service Commission and upon the Department of Public Welfare for reinstatement and reassignment to duty, stating that he was ready, willing and able to perform the duties of his position. Claimant contended that assignments were

made to temporary employees, while his name was available on the Civil Service register, and claims that by reason thereof a violation of Section 12a of the Civil Service Act of the State of Illinois was had, and that he is entitled to recover for the period of time that he was unlawfully laid off from June 6, 1947 until he was reinstated to perform his duties as a carpenter on September 13, 1948.

Claimant, in his testimony, admits that the position of maintenance carpenter was filled with temporary appointments, and the conclusion to be drawn from such testimony is that such temporary employees were duly paid the salaries of maintenance carpenters, and, therefore, were de facto employees.

This Court has consistently followed the doctrine, where it is shown by the record, that a payment of salary to an employee, who is deemed to be a de facto employee, constitutes a bar to an action by one claiming the title or right to the position, and, therefore, bars any claim. (*Laird* vs. *State of Illinois*, 13 C.C.R. 78).

For the reasons above assigned, the claim will have to be denied.

<hr/>

## Supplemental Opinion.

SCHUMAN, C. J.

Claimant's petition for rehearing is based on the fact that vacancies for the position of carpenter in the classified Civil Service were in existence at the time he was laid off on June 24, 1947, and also vacancies for temporary appointees; and, that the State made no attempt to prove there were no vacancies, or that the salary of claimant was paid to a de facto employee.

Respondent contends that claimant took no action to review the proceedings of the Civil Service Commission. It is apparent that claimant was not removed, discharged, or suspended, but was laid off, because the work was completed at the Veterans Rehabilitation Center.

Claimant's whole case is predicated on the fact that temporary appointees were working, and that he should have been placed in one of these positions. There is no showing where work was available, and, if temporary appointees were working, that any violation of the Civil Service Act occurred. In order for claimant to recover, he would have to show he was wrongfully prevented from performing the duties of his position. (*Laird* vs. *State of Illinois*, 13 C.C.R. 78.)

Claimant admits that parties employed were temporary employees, and that he commenced no proceedings of any kind before the Civil Service Commission, or any other court.

Section 12 of Chapter 24½, entitled "Civil Service", (S. H. Ill. Rev. Stat.) provides as follows:

"In employment of an essentially temporary and transitory nature, the appointing officer may, with the authority of the Commission, make temporary appointments to fill a vacancy, but no such authority shall be granted for a period of more than thirty days, but it may be renewed from time to time with the approval of the Commission."

The Departmental Report further showed that the carpenter list of the Civil Service Commission was cancelled in 1944.

Claimant further based his claim on the fact that there was plenty of work to do at the Chicago State Hospital. The Departmental Report shows that claimant was served with a notice of suspension, and discharged on October 23, 1944 before a decision was announced by the Civil Service Commission. Claimant

agreed he would not seek to be reinstated at the Chicago State Hospital.

In view of the statutory provisions on temporary appointees, and the failure of claimant to show he was wrongfully kept from working, and, by his own admission, that temporary employees worked in his place, the Court is of the same opinion that he is not entitled to an award.

The case of *Wilson* vs. *State*, 12 C.C.R. 413, was a case in which the same attorney appeared for claimant, as in this case. That case involved a hearing before the Civil Service Commission, and the Commission found he was wrongfully deprived of his salary, and ordered his reinstatement. The Court allowed an award for salary during the period of his illegal discharge. That case held that payment of claimant's salary was an affirmative defense.

The case of *People* vs. *Bradford*, 267 Ill. 486, involved a suit by a City Commissioner for salary. Defense was abandonment of office. The Court held that there was no vacancy in the office, that no legal method was pursued to remove the Commissioner from office, and that he was entitled to his salary.

The case of *City of Chicago* vs. *Luthardt*, 191 Ill. 516, involved a suit where claimant, a Civil Service employee, was prevented from performing his duties by the Chief of Police. The court held that salary was not paid to a de facto officer. The court held the action of the Chief of Police unwarranted, and allowed recovery.

The above cases cited by claimant involve wrongful discharge, and either no lawful de facto officer, or failure to allege, as a defense, payment to a de facto officer.

It does not appear from this record whether claimant was legally or illegally discharged, or whether he was rightfully or wrongfully prevented from performing his duties. There can be no question, from claimant's own testimony, that temporary appointees did the work. It is not claimed provisional appointments were made where an eligible list was available. It is not shown permanent work was available, and that temporary appointments were unlawful. Claimant's own testimony admits payment to other temporary employees.

The Court has consistently held that payment of salary to a de facto incumbent during the time that he performed its duties prior to the reinstatement of a de jure officer or employee is a defense (13 C.C.R. 78).

The case of *O'Connor* vs. *City of Chicago*, 327 Ill. 586, holds that temporary appointees are de facto incumbents, and payment to them a bar to a suit instituted by a claimant, who was reinstated by order of court.

On the basis of the record before us, in view of claimant's own admission that temporary appointees performed the work, a failure to show any illegal or wrongful act in preventing him from working, and the fact that temporary appointees were de facto incumbents, and paid salaries, prevents claimant from recovery in this case.

Petition for rehearing is denied.