(No. 24627.—

Dennis M. Malloy *et al.* Appellees, *vs.* The City of Chicago *et al.* Appellants.

*Opinion filed June 21, 1938.*

98

BARNET HODES, Corporation Counsel, (FRED V. MA-GUIRE, CARL HJALMAR LUNDQUIST, and WALTER V. SCHAEFER, of counsel,) for appellants.

SAMUEL A. & LEONARD B. ETTELSON, (SAMUEL A. ETTELSON, EDWARD C. HIGGINS, and CARL J. APPELL, of counsel,) for appellees.

Per CURIAM : The superior court of Cook county awarded a writ of *mandamus* against appellants commanding the payment of salaries of appellees as firemen and policemen of the city of Chicago from the date of their involuntary retirement on December 31, 1935, to May 21, 1937. The question of the validity of an ordinance ratifying the retirement orders brings the cause to this court on a direct appeal.

Appellees were retired by the heads of their respective departments under the provisions of the 1935 Police and Firemen Retirement act, on account of their having reached the age of sixty-three years. They instituted suit for reinstatement as of December 31, 1935, and for the payment of their salaries thereafter. The constitutionality of the statute under which they were retired was challenged. It was also alleged that the provision in section 12 of the Civil Service act for cities, that the age stated in an application for appointment as policeman or fireman shall be conclusive evidence against the applicant, is unconstitutional. On motion of the defendants, the petition was stricken for insufficiency in law and the suit was dismissed. On appeal to this court we held the Police and Firemen Retirement act of 1935 was unconstitutional, (*Malloy* v. *City of Chicago,* 365 Ill. 604,) but denied the contention as to the Civil Service act. The judgment was reversed and the cause remanded, with directions to require the defendants to answer. Thereafter, before the mandate was filed in the superior court, the city council of the city of Chicago on February 24, 1937, adopted a retirement ordinance under the

provisions of the 1935 amendment to section 12 of the Civil Service act for cities, and an ordinance ratifying the retirement of appellees December 31, 1935. No retirement ordinance under that act had been previously adopted by the city. On May 21, 1937, the civil service commission of the city entered orders retiring appellees and others from service.

After the cause was reinstated in the trial court, appellants filed an amended answer to which a motion to strike was interposed. The cause was heard on the pleadings. Under the issues thus raised the trial court held that the 1935 amendment of section 12 of the Civil Service act for cities, the retirement ordinance, and the orders of the city civil service commission of May, 1937, are valid; that the ratification ordinance is invalid; that by accepting monthly payments from the annuity and benefit funds since their retirement appellees are not estopped to claim their respective salaries, and are entitled thereto from December 31, 1935, or such other dates of their respective retirements, to May 21, 1937, less the monthly payments with interest at four per cent, so received; and that the amended answer is insufficient in law in so far as it sets up the payment by the city to successor *de facto* officers of the sums appropriated for the salaries of twelve appellees who are retired lieutenants of the police department. The right of appellees to be restored to their respective offices was denied. The appeal and cross-appeal present the issue on each question decided.

That portion of section 12 of the Civil Service act for cities, as amended in 1935 (Ill. Rev. Stat. 1937, chap. 24½, par. 51) under which the retirement ordinance was adopted, provides, in substance, that whenever the city council of any city adopting the act shall designate, by ordinance, or any general law of this State shall prescribe, any age not less than sixty-three years for the legal employment or the automatic or compulsory retirement of policemen or firemen, they shall be forthwith retired upon reaching the designated age. It imposes upon the civil service commission

of such cities the duty to discharge or retire any such police-
man or fireman in the classified civil service at the time and
in the manner provided by such ordinance or law, and to
certify the same to the proper branch or department head.
It further empowers the city council of any city adopting
the act to provide, by ordinance, a legal employment age
or not less than sixty-three years for such policemen or fire-
men, and for their automatic or compulsory retirement upon
attaining the designated age.

Appellees claim the amendatory act violates section 13
of article 4 of the constitution because the powers therein
delegated to city councils are not embraced within the scope
of the title nor in the subject matter of the section prior to
the amendment. We do not agree with that contention.
The title of the original act is repeated *verbatim* in the
amendatory act. In such case the title of the amendatory
act is as broad, and the amendment is as comprehensive,
as the act amended, and any provision which might have
been inserted in the original act may be incorporated in the
amendatory act without violating the constitutional provi-
sion that the subject of the act shall be expressed in the title.
(*City of Evanston* v. *Wazau,* 364 Ill. 198; *Michaels* v. *Bar-
rett,* 355 id. 175.) The title of the original act is "An act
to regulate the civil service of cities." For cities adopting
the act it establishes a commission, provides for appoint-
ments, promotions, suspensions, removals, and discharge of
officers and employees, the duties, salaries and expenses of
the commission, and, in general, regulates the whole subject
of civil service in such cities in accord with the regulatory
purpose stated in the title. Every act must embrace but a
single subject, but it may include other provisions which
are not foreign to the general subject and legitimately tend
to accomplish the legislative purpose with reference to the
general subject. (*People* v. *Joyce,* 246 Ill. 124.) To render
a provision in the body of an act void, as not embraced in
the title, such provision must be incongruous with, or must

have no proper connection with or relation to the title. If, by any fair intendment, the provisions in the body of the act have a necessary or proper connection with the title, the act is not objectionable. The title need not contain all the details of the act or be an index to its contents, but needs only to set out, generally, the subject matter. (*People* v. *Huff*, 249 Ill. 164; *People* v. *Huey*, 277 id. 561.) It is apparent that the retirement of appointees under the civil service is within the scope of regulation and could properly have been included in the original act. It, therefore, was proper to include it in the amendatory act. Moreover, section 12, prior to the amendment, pertained to the removal or discharge of officers or employees in the civil service. The amendment relates to the same subject matter,—*i. e.,* terminating such employment.

The further claim that the 1935 amendment is in contravention of the same section of the constitution because it amends the Cities and Villages act without referring thereto in the title or in the body of the act is likewise untenable. The Civil Service act for cities is complete within itself. It does not purport to amend the Cities and Villages act or any provision thereof. We have repeatedly held that the incidental modification of existing laws by an act complete in itself does not violate the constitutional provision. *People* v. *City of Chicago,* 349 Ill. 304; *Steinhagen* v. *Trull,* 320 id. 382.

The retirement ordinance relates only to policemen and firemen in the classified civil service. Appellees contend the amendatory act pertains to all policemen and firemen without regard to civil service and, for that reason, the ordinance is invalid for non-compliance with the statute and is otherwise discriminatory and unreasonable. It is urged that, under the ordinance, retirement vacancies in the civil service can be filled by repeated temporary appointments and thereby the object and purpose of the statute can be nullified. The object and purpose of section 12 is to deal with

and regulate classified civil service. It has no connection with officers or appointees not within that classification. The first sentence refers only to removal or discharge of officers and employees in the classified civil service. The power therein granted cities to enact retirement ordinances relates only to policemen or firemen employed under the act, and the duty of the civil service commission to discharge policemen or firemen attaining the specified age specifically relates only to those in the classified civil service. The language of the general provision retiring policemen and firemen at the maximum legal age of employment manifestly refers only to those in the classified civil service. The ordinance does not contravene the statute. Neither does it have anything to do with temporary appointments, and so can not be said to be discriminatory or unreasonable in that respect. Its retirement provisions are derived from section 12 of the act. We have upheld similar provisions of the School law for the retirement of teachers at the age of sixty-five. Where an office is created by statute it is wholly within the power of the legislature creating it, and the length of term may be altered at pleasure or the office may be abolished altogether. (*Groves* v. *Board of Education,* 367 Ill. 91.) Any abuse of the power conferred by section 10 of the act to make temporary appointments for not exceeding sixty days has nothing to do with the validity of the retirement ordinance. The remedy lies in the enforcement of the law.

When appellees were retired on December 31, 1935, solely because of their ages, there was no ordinance of the city of Chicago authorizing such action, and no valid law permitting such involuntary retirement without the prior adoption of an ordinance under the provisions of section 12 of the Civil Service act for cities. The first provision of section 12 is: "Excepting as hereinafter provided in this section, no officer or employee in the classified civil service * * * shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard

in his own defense." Appellees were not discharged in any manner provided by law. Their removal was not merely the irregular exercise of a power, but was the doing of an act which was expressly prohibited by the statute. Their discharge was therefore void. A void act cannot be ratified. (*People* v. *Wiersema State Bank,* 361 Ill. 75; *Western Nat. Bank* v. *Armstrong,* 152 U. S. 346.) It follows that the ratification ordinance could not be retrospective and is invalid. Because of the illegal attempted discharge appellees are entitled to their salaries until their retirement on May 21, 1937, under the enabling ordinance.

Appellants claim that the application for and acceptance of monthly payments from the annuity and benefit funds estop appellees from claiming their salaries for the period between their retirement and the orders of May 21, 1937. An estoppel *in pais* is available only to prevent injustice. It is a shield, not a sword. (*Thomas* v. *Bowman,* 30 Ill. 84.) It is sanctioned only to prevent the perpetration of fraud or to effectuate justice. Before it can be invoked the party seeking its application must have changed his position for the worse, upon a representation concerning a material fact to a party ignorant of the matter, with the intention that it be acted upon, and which has been acted upon. (*Knapp* v. *Jones,* 143 Ill. 375; *Supreme Tent Knights of Maccabees* v. *Stensland,* 206 id. 124.) No such situation obtains here. Appellees instituted their suit within one month after their retirement and diligently prosecuted it to a conclusion. Appellants were at all times advised of its nature and of the claim of appellees. By the retirement orders of May 21, 1937, they recognized appellees as firemen and policemen in the classified civil service on that date, and the orders expressly found them to be such. Appellees do not claim to be entitled to the annuity payments in addition to their salaries, but acquiesce in their deduction from the amounts due them, as received on their salaries. Appellants have not changed their position for the worse. The principles of

estoppel have no application here. Appellees claim, however, that the trial court erred in adding interest on such payments. In this they are correct. The sums received were for less than the city owed them and we know of no rule of law that contemplates a creditor shall pay interest on amounts received from a debtor to which he is justly entitled. It would be unjust to allow such interest, even though, as here, the payments were purported to be made on another account, which a final adjudication shows was not owing and that the payments should be applied on the actual debt due the creditor.

The trial court erred in holding that the salaries paid to successor *de facto* appointees must also be paid to the replaced lieutenants of the police department. When such payments are made to *de facto* incumbents, the *de jure* officers cannot require the municipality to make a second payment to them. (*Ryan* v. *City of Chicago, ante,* p. 59; *Hittell* v. *City of Chicago,* 327 Ill. 443; *O'Connor* v. *City of Chicago,* id. 586.) *People* v. *Thompson,* 316 Ill. 11, relied on by appellants, where it was held that payment of salary to a *de facto* officer after judgment reinstating the *de jure* officer, was no defense to a suit by the *de jure* officer for his salary subsequent to the entry of the judgment, has no application here.

For the errors in allowing interest on the annuity payments, and in requiring the payment of salaries to the lieutenants in the police department replaced by *de facto* incumbents, the judgment of the superior court is reversed and the cause is remanded, with directions to modify the judgment in accordance with the views herein expressed. In all other respects, the judgment of the superior court is affirmed.

*Affirmed in part, reversed in part, and remanded, with directions.*