People of the State of Illinois ex rel. Thomas J. Kelly et al., Appellants, v. Robert J. Dunham et al., Appellees.

Gen. No. 40,303.

Opinion filed January 19, 1942.
Rehearing denied February 2, 1942.

MICHAEL F. RYAN, of Chicago, for appellants.

JOHN O. REES, of Chicago, for appellees; MARTIN G. LOEFF, of Chicago, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by plaintiffs from an adverse judgment in a mandamus proceeding.

Plaintiffs alleged that they were policemen and employees of various park districts in Chicago when, on May 1, 1934, these districts were superseded by the Chicago Park District; that they were not under civil service before that date but became members of the classified civil service of the Chicago Park District pursuant to certain provisions of the act creating the district; that after May 1, 1934, they were continued as policemen and employees, but subsequently, on various dates, were served with layoff notices; that the defendants refused to place them on any reinstatement list and refused to recognize them as members of the classified civil service of the Chicago Park District; that there were vacancies but defendants refused to restore plaintiffs to these positions and proposed to fill the vacancies with new employees, who were taking an original civil service examination. They asked that the defendants be ordered to restore them to their positions, and for other relief.

Defendants answering denied that plaintiffs held the positions which they claimed, before or after May 1, 1934; denied that they had made demands for reinstatement and admitted that their names had not been

placed on a reinstatement list; that defendants intended to fill vacancies with persons who should successfully pass the entrance examinations; alleged that plaintiffs were guilty of laches, and that since plaintiffs were not under civil service before May 1, 1934, in the parks superseded by the Chicago Park District Act, they did not become members of the classified civil service of the Chicago Park District by operation of law.

The court heard evidence without a jury, and in its judgment found that the petitioners were not guilty of laches and that no other or further demands on respondents than shown was necessary. The court also found that the several petitioners each performed the kind of work alleged by them in their petitions and that this was performed on May 1, 1934, and for some time prior to and after that date. The court further found, however, that by reason of certain sections of the statutes, petitioners were not entitled to the mandamus sought, and their petitions were dismissed.

The particular sections which the trial court held defeated petitioners are, § 3a of the act relating to civil service in park systems (Ill. Rev. Stat. 1941, ch. 24½, par. 81 [Jones Ill. Stats. Ann. 23.084]) and § 14 of the act relating to the Chicago Park District (ch. 105, par. 333.14 [Jones Ill. Stats. Ann. 96.564]).

Before May 1, 1934, when the Chicago Park District Act went into effect, there were 22 independent park districts. The employees of three of these were under civil service, but the employees of the remaining 19 were not. This action is brought on behalf of the employees of these 19 superseded districts.

The trial court construed section 14 of the Chicago Park District Act as including in the classified civil service only those employees who had a civil service status prior to May 1, 1934, the date the act became effective. The second paragraph of § 14, which it is

thought supports this position, reads as follows: "Every officer or employe in the classified civil service at the time this act takes effect shall be assigned to a position having, so far as possible, duties equivalent to his former office or employment, and such officers and employes shall have the same standing, grade, and privilege which they respectively had in the districts from which they were transferred, subject, however, to existing and future civil service laws."

Defendants argue that the words "Every . . . employe in the classified civil service at the time this act takes effect," can mean only those employees of the three park districts who before May 1, 1934 had been under civil service, and excludes the employees of the remaining 19 park districts, who, therefore, are not entitled to be assigned to positions, as stated. Construed as an isolated provision this construction might follow, but when construed with other provisions it is clear that the legislature intended to make all who were employees of all the park districts on the date the act went into effect, whether they had been formerly under civil service or not, members of the classified civil service of the new Chicago Park District.

The first paragraph of section 14 of the Chicago Park District Act (ch. 105, par. 333.14 [Jones Ill. Stats. Ann. 96.564]) provides that the act relating to civil service in park systems shall apply to the Chicago Park District upon the coming into effect of this act. This adopted the Parks Civil Service Act into the Park District Act of May 1, 1934. Section 1 of this Civil Service Act provides that all places of employment in any park district shall be classified and filled in the manner provided for in the Civil Service Act. Hence, all park employees, by the Park District Act, on and after May 1, 1934, when it went into effect, must be under civil service.

The pivotal question, then, is as to the construction of section 3a of the Parks Civil Service Act. This is

as follows: "In any park district which is now, or which hereafter may become, subject to the provisions of this act, all persons who at the time when this act takes effect or becomes applicable, hold offices or places of employment which this act provides shall be classified, shall be included under the provisions of this act and shall become members of the classified civil service of such park district, without original examination." This act did not take effect or become applicable to the employees of the 19 park districts until it was adopted by the Park District Act of May 1, 1934. Hence, this section applies to all the employees of the superseded 19 park districts who were not under civil service when the new park district was created. It was clearly the intention of the legislature that such employees should be continued in service and classified as civil service employees without taking an original examination. This interpretation is not only in accord with reason, but our Supreme Court has in effect passed upon a similar question.

The section of the Parks Civil Service Act just referred to is in effect the same as § 3 (b) of the act to regulate the civil service of the State of Illinois (ch. 24½, par. 5 [Jones Ill. Stats. Ann. 23.005]). That act provides that all persons who, when the act shall take effect, hold places of employment, shall be classified as members of the State civil service without an original examination. In *People ex rel. Baird v. Stevenson*, 270 Ill. 569, Estelle Baird filed her petition for a writ of mandamus, commanding that she be restored to her position as assistant State librarian and commanding the members of the State civil service commission to place her in the classified civil service of the State; for more than a year prior to the adoption in June 1911, of the State Civil Service Act, she had been an assistant librarian, without an original examination; she was removed from employment under charges, but on hearing by the commission it was ordered that she be reinstated; the commission, however, ordered that

she should take the next examination for the position of assistant State librarian; the relator did not take this examination, and she was ordered discharged for failure to do so. The Supreme Court held that the State civil service commission was not authorized to order her to take an examination, as she was already a member of the classified State civil service by reason of the express terms of the statute, which declared that those who held places of employment when the act took effect should become members of the classified State civil service without original examinations. The opinion concludes that the order of the commission that the relator should appear and take an examination, was unauthorized by law; that she had a right to disregard it, and the order for her discharge was void. The constitutionality of this act was upheld in *People ex rel. Sellers v. Brady,* 262 Ill. 578. We hold that the decision of the Supreme Court in the *Stevenson* case is decisive of the question presented.

Counsel for defendants say the *Stevenson* case is not in point, as there the State was in existence long before the Civil Service Act became effective and, therefore, prior employees would naturally come under the act. But in the instant case, counsel say, the park districts in which plaintiffs were employed, ceased to exist when the Chicago Park District Act became effective, and there was, therefore, no prior employment of plaintiffs in the same park district which became subject to the act. This would also be true of all past employees of all parks, for there was no Chicago Park District prior to May 1, 1934, and since there were no employees of this district prior to its creation, the statutory provision in regard to the continuance of employment of employees of the superseded parks would be inoperative. The point is without merit.

On May 1, 1934, when the new Chicago Park District was formed, all employees of the superseded 19 park districts became subject to the provisions of section 3a of the Parks Civil Service Act. On that date these em-

ployees became members of the classified civil service of the Chicago Park District, regardless of whether they had been or had not been civil service employees before that date.

Experienced counsel for the defendants have raised many points in their brief, seeking to support the judgment of the trial court. They assert that plaintiffs were guilty of gross laches, sufficient to bar their right to relief, and that no demand was made prior to the filing of the petition. The judgment of the court specifically finds that petitioners were not guilty of laches and that sufficient demands had been made.

We have not undertaken to answer all of the points made in the defendants' brief. We have given the affirmative reasons for our conclusion. We rest our decision upon the reasonable construction of section 3a of the Parks Civil Service Act and the decision of the Supreme Court in the *Stevenson* case.

For the reasons indicated the judgment of the trial court is reversed and the cause is remanded with directions to issue the writs of mandamus as prayed.

*Reversed and remanded with directions.*

MATCHETT and O'CONNOR, JJ., concur.