214

People of the State of Illinois ex rel. Thomas J. Kelly et al., Appellees, v. Robert J. Dunham et al., Appellants.

Gen. No. 42,793.

Heard in the first division of this court for the first district at the October term, 1943. Opinion filed January 24, 1944. Rehearing denied February 8, 1944.

JOHN O. REES, of Chicago, for appellants; MARTIN G. LOEFF, of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal defendants, Chicago Park District officials, seek to reverse a judgment of the Superior court of Cook county holding them to be in contempt of court for their alleged failure to comply with the judgment entered by the Superior court on June 30, 1942, by which a writ of mandamus was awarded plaintiffs, commanding defendants to reinstate plaintiffs as civil service employees of the Park District.

The record discloses that plaintiffs filed their petition for a writ of mandamus against defendants alleging that they were policemen and employees of the various park districts in Chicago when on May 1, 1934, these districts were superseded by the Chicago Park District, and that they became civil service employees on and after that date. That subsequently on various dates they were laid off and defendants refused to recognize them as members of the classified civil service of the Park District. Defendants answered denying that plaintiffs were civil service employees of the Park District and after a hearing, the court found against plaintiffs, denied the writ, and plaintiffs appealed to this court and upon consideration, the judgment of

the trial court was reversed and the cause remanded with directions to issue the writs of mandamus as prayed for. *People ex rel. Kelly v. Dunham,* 313 Ill. App. 18. Leave to appeal was denied by the Supreme Court (316 Ill. App. XIV). Afterward the cause was redocketed in the trial court and on June 30, 1942, a judgment was entered awarding the writ. July 14, the writ issued and defendants were served the same day. July 10, 4 days before the writ was issued, in compliance with the judgment, the park officials passed a resolution recognizing plaintiffs as civil service employees of the Park District and certified them as such. The resolution further provided: "That inasmuch as said persons designated in said order have no previous record of employment upon which any proper basis for credit can be given under the Rules of the Civil Service Board and its efficiency recognition formula, said persons be certified and appointed at the minimum rate of pay for their respective positions."

Plaintiffs being dissatisfied with the manner in which they were reinstated by the park officials and contending that it was not in accordance with the judgment of the court awarding the writ, their counsel on December 16, 1942, pursuant to notice, filed their verified petition for a rule on defendants to show cause why they should not be held in contempt of court for failure to comply with the judgment. An order was entered requiring defendants to answer and on January 8, 1943, they filed their answer. Afterward plaintiffs filed their motion to strike the answer and thereafter defendants filed a motion to strike plaintiffs' petition. Later a number of orders were entered and April 14, 1943, the court entered judgment on the pleadings sustaining plaintiffs' contention that the park officials had not complied with the judgment of June 30, 1942, and they were ordered to do so on or before May 8, 1943, and that if they failed or refused

to comply with the judgment, that a contempt mittimus issue on May 10, commanding that defendants be taken by the sheriff and kept in the County Jail until they complied with the judgment. Defendants appeal.

Counsel for defendants contend, as we understand it (although their brief is confused), that the defendants are unable to carry out the judgment of the court for the reason that this could only be done by the Park Commissioners who are not parties to the suit. We think defendants are in no position to urge at this time their inability to carry out the judgment of the court for the reason that in accordance with the opinion of this court, it was ordered and adjudged what defendants were required to do. That judgment has not been appealed from and it is binding upon them.

Plaintiffs' position is that by the judgment of June 30, 1942, defendants were commanded to reinstate plaintiffs as civil service employees of the Park District as of May 1, 1934, while they were reinstated July 15, 1942 as new members; that if defendants had complied with the judgment, plaintiffs, who are police officers, would be receiving $208.33 per month, the maximum amount appropriated for salary for policemen who had been in the employ of the Park District for 3 years, instead of $178.33 per month, the minimum appropriated for salary for policemen who had just begun to work for the Park District, and that the other plaintiffs are in a similar position.

A rule adopted by the civil service board of the Park District provides for a maximum and minimum rate of pay and for the classification of the civil service employees according to efficiency. It further provides: "Each employee in a grade to which an efficiency recognition formula is applicable shall, in addition to other efficiency ratings, be accorded annually an efficiency review by his or her department and division heads to appraise the employee's competency and progress in work. The President of the Board of Com-

missioners and the appropriate department head shall review the work of division heads, and the President of the Board of Commissioners shall review the work of department heads. If, in the opinion of the reviewers, the employee's work is of such quality and quantity and his progress in his work so satisfactory as to warrant an advance in rate of pay, the reviewers may so recommend, and, if the recommendation is approved by the Superintendent of Employment, the salary or wage rate of the employee may be adjusted in accordance with the following formula . . . ." Then follows a provision for an increase in pay if the civil service employee has rendered efficient service for the first, second and third years and the rule continues: "No officer or employee shall, however, be regarded as having right, title, or claim to an advance in salary or wage rate unless and until such shall have been approved by the Commissioners of the Chicago Park District."

We think plaintiffs' contention cannot be sustained. In the opinion we rendered in the mandamus suit [313 Ill. App. 18] the question was whether employees of the small parks became civil service employees when the Park District Act became effective on May 1, 1934. We held that they did become civil service employees on that date but the contention now made by counsel for plaintiffs was in no way considered and the judgment entered by the Superior court after the reversal and remandment by this court does not pass on the contention now made. That judgment, for example, orders that plaintiff "JASPER C. FREEMAN, be certified, appointed, assigned and restored to duty as Lieutenant of police in the classified service of the Police Department of the Chicago Park District, with the right to perform the duties of said position and to receive the salary lawfully appropriated for the performance of said duties of Lieutenant of Police as he had prior to his unlawful removal." It is clear from this judgment that the question of the salary Officer

Freeman was to receive was not adjudicated and we are of opinion that under the rule of the Civil Service Board above mentioned, a civil service employee would not be entitled to an increase in salary unless and until his efficiency had been passed upon and had been approved by the Commissioners of the District.

A further contention is made that plaintiffs should be paid the salaries appropriated for them from June 30, 1942, the date the judgment was entered, and not from about the middle of July, when they were reinstated, as was the case. But we think it obvious that there was no unnecessary delay on the part of the park officials. Ten days after the judgment was entered the park officials proceeded to carry out the judgment of the court. It is clear that it would take some little time to arrange the mechanics for reinstating the employees.

In the answer of defendants it is averred that pursuant to the judgment of the Superior court awarding the writ of mandamus "the Civil Service Board of the Chicago Park District at a meeting held on July 10, 1942, adopted a resolution that all steps be taken and all things be done necessary to comply with the provisions of said order and that the persons designated in said order be promptly classified in their respective status; that their names be entered on the list with seniority status as of May 1, 1934; . . . . ." That "defendants have recognized that in a spirit of fairness the plaintiffs are also entitled to be accorded a seniority status as of May 1, 1934," in accordance with the resolution of July 10, and that "Said resolution has been complied with."

In view of the foregoing, we are of opinion that plaintiffs have not lost their pension rights as seems to be contended.

The judgment of the Superior court of Cook county is reversed.

*Judgment reversed.*

NIEMEYER and MATCHETT, JJ., concur.