People of State of Illinois ex rel. Romaine Arthur Goudie, Appellee, v. James P. Allman, Commissioner of Police of City of Chicago et al., Appellants.

Gen. No. 44,209.

Opinion filed March 29, 1948. Released for publication April 9, 1948.

BENJAMIN S. ADAMOWSKI, Corporation Counsel, for appellants; L. LOUIS KARTON, Head of Appeals and Review Division, CARL H. LUNDQUIST and SYDNEY R. DREBIN, Assistant Corporation Counsel, of counsel.

Joseph M. Taussig, of Chicago, for appellee.

Mr. Justice O'Connor, delivered the opinion of the court.

Plaintiff filed a petition against the Commissioner of Police, the members of the Civil Service Commission and the City of Chicago praying that a writ of mandamus issue to compel his reinstatement as a captain of police of the City of Chicago. There was a hearing before the court, judgment was entered in plaintiff's favor, and the defendants appeal.

On October 5, 1904 plaintiff filed his verified application for examination with the Civil Service Commission in which he gave the date of his birth as April 30, 1880. He took the examination, was appointed patrolman, and afterwards, from time to time, advanced till he was made captain of police on the 1st day of March, 1939. On April 30, 1943 he had reached the age of 63 according to the date of his birth given by him in his application and he was removed from the payrolls of the city by order of the Civil Service Commission, and the proper official was notified by the Commissioner of Police. Afterwards, on December 3, 1941, plaintiff claims to have discovered from the official records that he was born April 30, 1884, and it was on the theory that he had not reached the age of 63 on April 30, 1943 that he filed his petition to be restored.

Section 12 of the city Civil Service act (Ch. 24½, Par. 51, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 23.052]) provides: "that whenever the city council of any city in which this Act is in operation, shall designate by ordinance or whenever any general law of the State shall designate any specific age of not less than sixty-three (63) years as the maximum age for legal employment of policemen or firemen in the service of any city which has adopted or shall adopt this Act or shall designate any minimum age for the automatic or compulsory retirement of policemen or firemen in the

service of such city any such policemen or firemen to whom such ordinance or law may refer or apply upon attaining said designated age of sixty-three (63) years or upwards as set out in said ordinance or law shall forthwith and immediately be retired from the service of such city in accordance with the terms or provisions of such ordinance or law. It shall be the duty of the civil service commission of such city to discharge or retire automatically any such policeman or fireman in the classified civil service of such city at the time and in the manner provided in such ordinance or law and to certify such retirement or discharge to the proper branch or department head: and provided further, that in the case of any such policeman or fireman who shall have filed an application for appointment in the classified civil service of such city the age stated in such application shall be conclusive evidence against such policeman or fireman of the age of such policeman or fireman. . . .''

Counsel for plaintiff says, ''The only valid ordinance passed pursuant to this provision of the statute is that of February 24, 1937 being Section 675-A of the Revised Chicago Code 1931, as amended . . . which is as follows: 'The age of sixty-three (63) years shall be the maximum age for legal employment of policemen and firemen in the classified civil service of the City of Chicago. Every policeman and every fireman in the classified civil service of the City of Chicago who has attained or shall hereafter attain the age of sixty-three (63) years shall forthwith and immediately be retired from service.' ''

The applicable rules for appointment to the classified Civil Service of Chicago are:

''Rule II.
Applications.
. . . . . .

Sec. 4. Age. Applicants for original entrance examinations for any positions in Grade III or above, ex-

cept as otherwise provided in these rules, must be not less than 21 years of age. In examinations for positions in Grades I and II the Commission shall prescribe the age limits of applicants in the notice of examination. . . ."

Rule VI:

"Sec. 6. AUTOMATIC AND COMPULSORY RETIREMENT OF POLICEMEN AND FIREMEN. The age of sixty-three years shall be the maximum age for legal employment of policemen and firemen in the classified civil service of the City of Chicago. Every policeman and fireman of the City of Chicago who has attained or shall hereafter attain the age of sixty-three shall be automatically forthwith and immediately retired from said service. When any such policeman or fireman has attained the age of sixty-three years the Commission shall forthwith and immediately enter an order retiring such policeman or fireman from the classified civil service. A copy of such order shall be immediately and forthwith certified to the head of the department concerned.

Sec. 7. AGE STATED IN APPLICATION AS EVIDENCE. When any such policeman or fireman in the classified civil service has filed an application for appointment in the classified civil service of the City of Chicago the age stated in such application shall be conclusive evidence of the age of such policeman or fireman."

Counsel for plaintiff contends that the provision of the Civil Service Act that the age stated upon the application shall be conclusive evidence against the policeman is invalid and unconstitutional for: "1. The legislature does not possess the power to declare what shall be conclusive evidence of a fact, as such a declaration would be an invasion of the power of the judiciary." We cannot agree with this contention. Our Supreme Court has held Section 12 constitutional in two cases, *Malloy et al. v. The City of Chicago, et al.*, 365 Ill. 604, and *Malloy et al. v. The City of Chicago*, 369 Ill. 97.

The case reported in 365 Illinois was a petition for a writ of mandamus to compel the City of Chicago and divers officials thereof to reinstate the plaintiffs to their positions in the police and fire departments, from which they had been involuntarily retired through the Policemen and Firemen Retirement act of 1935 and "an amendment to section 12 of the Civil Service act for cities adopted on the same day," and the charge in the petition was that the Policemen and Firemen Retirement act "and the amendment to section 12 of the Civil Service act for cities, are unconstitutional and void." The court, continuing, said that the Policemen and Firemen Retirement act was attacked because it was incomplete in that it delegated to heads of the police and fire departments the power to determine who shall be retired, but establishes no rule to guide their action. "It is contended also that section 12 of the Civil Service act, as amended, is invalid . . . because it attempts to interfere with the courts by declaring what shall constitute conclusive evidence. The appellees have called attention to many alleged defects in the petition but the main question concerns the validity of these statutory provisions. Without considering, in detail, . . . it is enough to say that the petition sufficiently sets out the questions concerning the validity of these acts. . . . Section 5 is as follows: 'No such policeman or fireman in the service of such city who has attained the age of sixty-three (63) or more years or who, on or before December 31, 1935, shall attain the age of sixty-three (63) years shall be retired under this act or under any ordinance authorized by this act prior to December 31, 1935, but shall be retired on said date if so ordered by the head of the department concerned.' " The court then held certain sections of the act "void, as an unwarranted delegation of legislative authority." The court then considered section 12 of the Civil Service act and said, on pages 608 and 609, "Counsel for appellants say that section

12 of the Civil Service act for cities is invalid for the reason that it attempts to determine what shall constitute conclusive proof, contrary to the oft-expressed decisions of this court and other courts. The provision objected to is as follows: 'In the case of any such policeman or fireman who shall have filed an application for appointment in the classified civil service of such city the age stated in such application shall be conclusive evidence against such policeman or fireman of the age of such policeman or fireman, but the Civil Service Commission may hear testimony and consider all evidence available in any case in which any charge is filed against any such policeman or fireman alleging that such policeman or fireman understated his age in such application for appointment into said classified civil service.' The objections to this provision are that, (1) it attempts to infringe upon judicial functions in declaring what shall be conclusive evidence, and, (2) it authorizes the commission to hear any kind of evidence but binds a policeman or fireman by the statement of his age in his application. It will be observed it is only when charges have been brought against such policeman or fireman that he has understated his age, that the commission may hear any evidence at all. That is the only hearing provided for in this connection. In the absence of such charges no evidence is heard by the commission. The only charge contemplated by this provision is that a policeman or fireman has understated his age. Such policeman or fireman has, of course, a right to refute such charge by any evidence which would prove that he did not understate his age. The provision of the act that his statement of age in his application shall be conclusive evidence of his age, was clearly intended to provide that when an applicant for the position of policeman or fireman states his age under oath, as he is required to do, he will not be permitted to later say that such statement is not true. We are therefore of the opinion

that this provision does not come within the rule pro-
hibiting the legislative department from declaring
what shall be conclusive evidence in a lawsuit, but
rather within the general rule that having induced
others to act upon his statement as to his age, the ap-
plicant is precluded from later changing it. Many such
provisions appear in the statutes and are to be con-
sidered more in the nature of an estoppel than a rule
of evidence. We are of the opinion that this objection
to the Civil Service act for cities, as amended, cannot
be sustained. . . .''

In the *Malloy* case, 369 Ill. 97, a petition for a writ
of mandamus was filed commanding payment of sal-
aries of firemen and policemen, and the court in dis-
cussing 365 Ill. 604 said: ''The constitutionality of the
statute under which they were retired was challenged.
It was also alleged that the provision in section 12 of
the Civil Service act for cities, that the age stated in
an application for appointment as policeman or fire-
man shall be conclusive evidence against the applicant,
is unconstitutional. On motion of the defendants, the
petition was stricken for insufficiency in law and the
suit was dismissed. On appeal to this court we held
the Police and Firemen Retirement act of 1935 was
unconstitutional, . . . but denied the contention
as to the Civil Service act.''

Counsel for plaintiff further says that the
plaintiff could be retired ''only upon the order of the
Commission which was not done in this case.'' There
is no merit in this contention. In the verified petition
filed by counsel for plaintiff it is alleged that ''the
Civil Service Commission because of the mistaken and
erroneous public records in its control, ordered the re-
tirement of your complainant,'' and the defendant
Commissioner of Police, in his communication of
April 29, 1943, says that the plaintiff's application for
appointment in the classified Civil Service of the city
states that the Civil Service Commission had examined

the application of plaintiff for appointment in the classified Civil Service of the city and found that the application stated the date of plaintiff's birth was April 30, 1880, and the Commission ordered that he be retired from service as a policeman in accordance with the statute and ordinance, and further that the order be certified to the Commissioner of Police and that plaintiff be removed from the payroll of the city as of April 30, 1943.

For the reasons stated the date plaintiff gave in his application, the date of his birth, April 30, 1880, is conclusive, and the judgment of the Superior Court of Cook County is reversed.

*Judgment reversed.*

NIEMEYER, P. J., and FEINBERG, J., concur.