Thomas J. Kelly et al., Appellants, v. Chicago Park District, Appellee.

Gen. No. 44,759.

Heard in the third division of this court for the first district at the April term, 1949. Opinion filed May 24, 1950. Released for publication June 15, 1950.

MICHAEL F. RYAN, of Chicago, for appellants; RICHARD F. McPARTLIN, JR., and MARTIN J. McNALLY, both of Chicago, of counsel.

PHILIP A. LOZOWICK, General Attorney, Chicago Park District, for appellee; MARTIN G. LOEFF, Assistant General Attorney, Chicago Park District, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This suit is a sequel to *People ex rel. Kelly v. Dunham,* 313 Ill. App. 18, a mandamus proceeding in which this court held that plaintiffs, former policemen and employees of various park districts in the City of Chicago, became members of the classified civil service of the Chicago Park District by virtue of the provisions of ch. 105, par. 333.14, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 96.564].

The present action is brought by seventeen plaintiffs to recover salaries aggregating approximately $279,000 for the varying periods of their wrongful exclusion from their respective positions as civil service employees of defendant the Chicago Park District. Plaintiffs were dismissed by defendant on various dates in 1934, 1935 and 1936. July 16, 1942, all of the plaintiffs were reinstated pursuant to the mandate of this court in *People ex rel. Kelly v. Dunham,* 313 Ill. App. 18, except Thomas J. Kelly who was retired on January 1, 1940, by virtue of an amendment to the Civil Service Act providing for compulsory retirement at the age of sixty-five. During the period of their illegal removal certain plaintiffs earned wages in another employment and others continued to work for defendant at reduced salaries. Trial by the court without a jury resulted in judgment in favor of all plaintiffs, except Thomas J. Kelly, for sums lesser in amount than claimed by each plaintiff. The trial court held that defendant was justified in its refusal to pay plaintiffs any salaries until January 19, 1942, when the judgment of the lower court in the former mandamus proceeding was reversed in this court, and that

the wages earned by certain plaintiffs in another employment during the period they were prevented from performing their duties could be deducted from their salary claims. Plaintiffs appeal and defendant has filed a cross appeal. Those plaintiffs who remained in the employ of defendant during the period of their illegal removal from their classified civil service positions do not complain of their salary claims being reduced by crediting the amount they received from defendant during such period.

██ ██ The basic question presented is whether plaintiffs after reinstatement by mandamus proceedings are entitled to their full salaries during the period of their wrongful exclusion. In the early case of *City of Chicago v. Luthardt,* 191 Ill. 516, appellee, chief clerk of the detective bureau of the Department of Police, after reinstatement by mandamus brought an action in assumpsit to recover his salary during the period of his illegal ouster. The court held that the legal right to the office carried with it a right to the salary and emoluments thereof. In *Bullis v. City of Chicago,* 235 Ill. 472, the city asked the court to hold as the law propositions to the effect that the city was entitled to show in reduction of damages the amount of money earned and received or that might with reasonable diligence have been earned and received by the appellee, a police patrolman, during the period covered by his suit. The court stated at page 480 that "If appellee was wrongfully prevented from performing the duties of his office he may recover his salary for the time during which he was so prevented, where it has not been paid to anyone performing the duties of the office. His earnings or opportunity to earn during that time were immaterial." (Citing *City of Chicago v. Luthardt,* 191 Ill. 516; *Andrews v. Portland,* 79 Me. 484; *State v. Carr,* 129 Ind. 44; *Rasmussen v. Carbon,* 8 Wyo. 277.) To the same effect are *People*

41

*v. Thompson,* 316 Ill. 11; *People v. Coffin,* 282 Ill. 599; *People ex rel. Verdung v. Dunham,* 294 Ill. App. 613; and *People ex rel. Campbell v. Kapp,* 295 Ill. App. 92. The doctrine announced in the *Luthardt* case is sustained by the great weight of authority and has been adhered to by our courts. The compensation belongs to the officer as an incident of his office and he is entitled to it not by force of any contract but because the law attaches it to the office and although during the time for which he claims it he has earned money in other employment. (150 A. L. R. 103.)

██ Plaintiffs are suing to recover salary for various periods extending from November 1, 1934 to July 16, 1942. Defendant insists that plaintiffs could have joined their claims for salaries in their petition for mandamus and therefore all the claims are barred by the statute of limitations. In support of its position defendant cites *People v. Thompson,* 316 Ill. 11; *People v. Coffin,* 282 Ill. 599; *People ex rel. Blachly v. Coffin,* 279 Ill. 401, and other cases, where the court held that a judgment awarding the writ of mandamus to compel reinstatement in office *may* include a command to pay salary. No case has been called to our attention requiring plaintiffs to join their claims for back salaries in a mandamus proceeding. Defendant seeks to invoke the rule that where there are two different types of remedies the cause of action begins to accrue when the plaintiff may institute either one of two remedies. In our view that rule is not applicable to the present case for the reason that no action could be maintained by plaintiffs for salaries until their rights to their respective positions were first determined. See *Kreitz v. Behrensmeyer,* 149 Ill. 496, and *Bengson v. City of Kewanee,* 380 Ill. 244.

██ Defendant maintains that plaintiffs' claims are barred because other persons were employed in the positions here in controversy and were compensated

therefor. Defendant relies on *Corbett v. City of Chicago*, 391 Ill. 96, where the court held that payment of salary to a *de facto* employee made in good faith by a municipality is a good defense against a claim made for the same services by a *de jure* employee. Defense of payment to a *de facto* employee is an affirmative defense which must be alleged and proved. (*People ex rel. Verdung v. Dunham*, 294 Ill. App. 613.) In the instant case there is no proof nor did the trial court find that *de facto* employees had occupied plaintiffs' positions and had received the salaries attached thereto during the period of plaintiffs' wrongful exclusion. Manifestly, if other persons had worked in plaintiffs' positions during their absence, those persons would have been dismissed when plaintiffs were restored to duty. So far as the record shows no persons were discharged when plaintiffs were reinstated by the mandate of this court. We think the *Corbett* case is not determinative of this case because of the absence in the case at bar of any evidence tending to show who the persons were, if any, that occupied plaintiffs' positions during the period of their illegal removal and the payment of salaries in good faith to such *de facto* employees.

 Next defendant contends that plaintiffs have not alleged nor proved the existence of the positions claimed by them and that the appropriation ordinances do not establish the existence of the positions so claimed. The record shows that the pleadings in the former mandamus proceeding raised these precise issues by defendant's motion to strike and their answer and that these issues were determined adversely to the defendant in that suit. (*People ex rel. Kelly v. Dunham*, 313 Ill. App. 18.) Hence defendant is precluded from litigating the same issues in this case. (*City of Elmhurst v. Kegerreis*, 392 Ill. 195.)

 Defendant asserts that recovery is sought for a span of eight years during which seven appropria-

tion ordinances were adopted and lapsed prior to the filing of this suit and that to withdraw now such a large sum from the funds of the Park District would deprive the community of the benefits which would arise from the application of such funds to the current needs and operation of the Park District. The question presented for determination in the present case is one of liability, and the manner of payment or the availability of funds is not before us. Plaintiffs' procedure here conforms to that suggested in *Bengson v. City of Kewanee,* 380 Ill. 244.

■ Defendant insists that if the court should determine that plaintiffs are entitled to salaries for any portion of the period involved then they are entitled only to the minimum rate of salary. We think this position is untenable for the reason that the record shows that plaintiffs had performed their duties in their respective positions for a period of two years before May 1, 1931 and that they were restored to the same duties July 16, 1942. Having had two years experience before May 1, 1934 entitles them to the maximum pay in 1935.

■ As to the claim of Thomas J. Kelly the evidence shows that while this cause was pending Kelly reached the compulsory retirement age of sixty-five. He was returned to duty and immediately retired. Under the authority of *Malloy v. City of Chicago,* 369 Ill. 97, we hold that Kelly was entitled to recover salary from November 13, 1934, when he was dismissed, to January 1, 1940.

■ Defendant contends that Aubrey Murphy is barred from recovery. The evidence discloses that Murphy failed to respond to the offer of reinstatement and was never appointed. Charges were filed against him and he was found guilty of failing to report and was discharged on August 6, 1942. Under these circumstances he was entitled to recover his salary for the period commencing with his wrongful removal

44

to the time he was offered reinstatement in July 16, 1942. See *Malloy v. City of Chicago,* 369 Ill. 97; *City of Fort Smith v. Quinn,* 174 Ark. 863, 53 A. L. R. 921.

October 29, 1944, plaintiff Peter C. Gutke died and his widow was appointed administratrix of his estate. Defendant urges that the right of action of Gutke died with the person. This contention is without merit. The judgment in the former proceeding determined Gutke's right to the position. Since the law attaches the salary to the position the only question involved in this case is the amount of salary due him. (*Olson v. Scully,* 296 Ill. 418.) In our view Gutke's claim was a chose in action and assignable, and therefore survived the deceased. (*Kreitz v. Behrensmeyer,* 149 Ill. 496; *In re Estate of Kossuth H. Bell,* 210 Ill. App. 350.)

Defendant says plaintiffs have been guilty of a great deal of delay. We think the instant case was diligently prosecuted. The record shows that it was filed in less than three months after the mandate in *People ex rel. Kelly v. Dunham,* 318 Ill. App. 18, was entered in the trial court. Moreover, there is no proof in the record before us that the long delay in the disposition of the former proceeding was caused by any dilatory tactics of plaintiffs. Finally defendant argues that the municipality should not be penalized by being compelled to pay approximately eight years' alleged salaries for services which were not performed by the plaintiffs; that to hold otherwise would be to place the municipality in a position where it must resolve all bona fide legal questions at the peril of the taxpayers. As heretofore stated, there is no proof tending to show that the duties of the plaintiffs were performed by other civil service employees for which they were compensated. It would seem to us that whether defendant withheld the salaries of the plaintiffs in good faith could be of little comfort to plaintiffs since they

45

were, without fault on their part, illegally deprived of their livelihood. In *Malloy v. City of Chicago*, 369 Ill. 97, a number of patrolmen and sergeants of the Chicago Police Department were retired in good faith by the City of Chicago under the provisions of an Act which was later declared unconstitutional. There our Supreme Court held in effect that the city was bound to pay the salaries of the plaintiffs during the period of their wrongful exclusion resulting from an honest but erroneous interpretation by the city officials of the Act there in question.

We have considered the other points urged and the numerous authorities cited in support thereof but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated the judgment is reversed and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed and remanded with directions.*

BURKE and KILEY, JJ., concur.